UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MOHAMED A. MAHMOUD,<br><br>    Plaintiff<br><br>v.<br><br>BOARD OF PRISON COMMISSIONERS, et al.<br><br>    Defendants | Case No.: 2:22-cv-00368-JAD-VCF<br><br>**Order Confirming Voluntary Dismissal Under Rule 41(a)(1) and Denying Motions as Moot**<br><br>[ECF Nos. 25, 28, 29, 31, 32, 35, 40] |

In screening pro se prisoner Mohamed Mahmoud's complaint in this civil-rights action, I found that he pled colorable First Amendment retaliation and Eighth Amendment excessive-force claims and allowed those claims to proceed to mediation with a court-appointed mediator. But it appeared that Mahmoud initiated this action just 12 days after the conduct he complains about occurred. So I explained that the Prison Litigation Reform Act (PLRA) requires prisoners to exhaust their available administrative remedies before filing lawsuits challenging prison conditions. I noted some circumstances when an administrative remedy could be considered not available and therefore prevent dismissal for failure to exhaust if defendants raised that issue in a proper motion. And I told Mahmoud that he could file a notice voluntarily dismissing this action without prejudice to file a new action if he needed time to comply with the PLRA's exhaustion requirement.[1]

About a month later Mahmoud filed a document titled "Motion to Dismiss Action Without Prejudice" in which he seeks to dismiss this action to exhaust his administrative remedies. Mahmoud states facts in the motion that could be construed as arguing why no

---

[1] ECF No. 26.

administrative remedies are available to resolve his claims.  For example, Mahmoud states that Sgt. Navarrete told Mahmoud he would be retaliated against if he continued filing grievances against the staff.[2]  Because the court had not ruled on the dismissal motion, about two months later Mahmoud filed another motion titled "Motion to Dismiss an Action Without Prejudice" in which he seeks to dismiss this action to exhaust his administrative remedies and again states facts that could be construed as arguing why he cannot do so.  Mahmoud also reports that he has been moved to another prison.[3]

      Mahmoud does not invoke Federal Rule of Civil Procedure 41(a)(1) in either dismissal motion, but it is clear to this jurist that this rule is the basis of his requests.  Rule 41(a)(1)(A)(i) permits a plaintiff to dismiss an action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]"  The Ninth Circuit instructed in *Commercial Space Management Company, Inc. v. Boeing Company, Inc.* that "it is beyond debate that a dismissal under Rule 41(a)(1) is effective on filing, no court order is required, the parties are left as though no action had been brought, the defendant can't complain, and the district court lacks jurisdiction to do anything about it."[4]

      The answer to just how to treat Mahmoud's motions is not a straightforward one because he moves to voluntarily dismiss this action to exhaust his administrative remedies while simultaneously stating reasons why those remedies might not be available to him.  This difficulty is no doubt complicated by Mahmoud's incarceration.  But no responsive pleading or summary-judgment motion has been filed in this case, so Mahmoud's voluntary dismissal was effective

---

[2] ECF No. 35.

[3] ECF No. 40.

[4] *Com. Space Mgmt. Co. Inc. v. Boeing Co., Inc.*, 193 F.3d 1074, 1078 (9th Cir. 1999).

under Rule 41(a)(1) upon its filing regardless of the "motion" label he used to do so.[5] And as *Commercial Space* instructs, Rule 41(a)(1) leaves no room for this court "to do anything about it."[6]

IT IS THEREFORE ORDERED that Mahmoud's motions to dismiss this action without prejudice **(ECF Nos. 35, 40)** are construed as notices of voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i), and it is confirmed that **this action is DISMISSED WITHOUT PREJUDICE**.

IT IS FURTHER ORDERED that Mahmoud's motions for various relief **(ECF Nos. 25, 28, 29, 31, 32) are DENIED as moot**.

Finally, the Clerk of the Court is directed to CLOSE THIS CASE accordingly.

Dated: August 9, 2022

                                                                                 _____
                                                                                 U.S. District Judge

---

[5] *See id.* at 1076 (discussing Commercial Space's second voluntary dismissal).
[6] *Id.* at 1078.